UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Shawn Poor

    v.                                      Case No. 17-cv-472-SM
                                                      Opinion No. 2018 DNH 219

Wells Fargo Home Mortgage,
a Division of Wells Fargo
Bank, N.A.; and U.S. Bank N.A.,
as Trustee for the Structured
Asset Investment Loan Trust
Mortgage Pass-Through
Certificates, Series 2005-8

**O R D E R**

Defendant banks move for summary judgment on plaintiff's remaining claim under the Equal Credit Opportunity Act ("ECOA") and related implementing regulations. See 15 U.S.C. § 1691(d)(1); 12 C.F.R. § 1002.9(a)(1)(i).

While the parties engage on several issues (including whether plaintiff filed a complete or incomplete loan modification application; when that application was submitted; when (or, if) it was "received" by the bank; and, whether plaintiff suffered any cognizable damages arising from the bank's failure to give notice of any action on the application under § 1691(d)(1)), the bank is entitled to judgment as a matter of law for a preliminary reason.

The parties do not dispute that plaintiff was in default on his mortgage loan at the time he claims to have submitted an application for loan modification.

Plaintiff says the bank violated its obligation under ECOA to notify him of any action on his application for credit (the loan modification application) in a timely manner after he allegedly submitted it in April of 2017. See 15 U.S.C. § 1691(d)(1). But, such notice was not required. To be sure, section 1691(d)(1) provides that, within thirty days after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application. And, if "adverse action" is taken, the applicant is entitled to a statement of reasons for such action from the creditor. Id.

But, it is not an "adverse action" to refuse "to extend credit under an existing credit arrangement where the applicant is delinquent or otherwise in default." 15 U.S.C. § 1691(d)(6). And, importantly,

> The applicable regulations clarify that notification is "required" only for approval, counteroffer, or "adverse action." 12 C.F.R. § 202.9(a)(1)(i). In turn the regulations setting forth the definitions applicable to § 202.9 and the surrounding ECOA regulations state that "adverse action . . . does not include . . . [a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account." 12 C.F.R. §202.2(c)(2)(ii). "Thus to the extent the statute was at all ambiguous about whether a notification is required [under § 1691(d)(1)] where the applicant is already in default, the implementing regulations state clearly that no notice is required in that circumstance."

Sergeant v. Bank of America, N.A., C17-5232 BHS, 2017 WL 3895699 at *3 (W.D. Wash. Sept. 6, 2017) (quoting Smith v. Wells Fargo Bank, N.A., 15-CV-01779-YGR, 2016 WL 283521, at 7 (N.D. Cal. Jan. 25, 2016) (citing numerous cases)). See also, MacDonald v. Wells Fargo Bank, N.A., 14-CV-04970-HSG, 2017 WL 1150362 (N.D. Cal. March 28, 2017) (same).

Plaintiff was in default on his loan when he allegedly filed his loan modification application (and there appears to be no period through foreclosure during which he was not in default and filed a modification application). Consequently, no ECOA notice was required with respect to that application and plaintiff's remaining cause of action asserting a violation of § 1691(d)(1) necessarily fails.

## Conclusion

Defendant's motion for summary judgment on plaintiff's remaining ECOA claim (doc. no. 28) is granted. Judgment shall be entered in favor of defendant and the case closed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 6, 2018

cc: William C. Sheridan, Esq.
    David D. Christensen, Esq.

3